70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gwendolyn ROWE-LEE, Plaintiff-Appellee,
v.
REGENTS OF UNIV CAL, Defendant-Appellant.
Gwendolyn ROWE-LEE, Plaintiff-Appellee,
v.
REGENTS OF UNIV CAL, Defendant-Appellant.
Gwendolyn ROWE-LEE, Plaintiff-Appellant,
v.
REGENTS OF UNIV CAL, Defendant-Appellee.
 Nos. 93-16774, 94-15635 and 94-15777.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1995.
Decided Nov. 24, 1995.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court erred by empaneling a jury in this case. By the time of trial, all of plaintiff's claims against all of the defendants had been dismissed with prejudice, except one claim against one defendant--plaintiff's Title VII claim against the Regents. Plaintiff wasn't entitled to a jury trial on this claim, because it arose before the effective date of the Civil Rights Act of 1991, Pub.L. No. 102-166, 1991 U.S.S.C.A.N. (105 Stat.) 1071. Under section 102 of the Act, a plaintiff who alleges intentional discrimination is entitled to a jury trial if, but only if, the alleged discrimination occurred after the Act's effective date, Landgraf v. USI Film Products, 114 S.Ct. 1483, 1508 (1994).
 
 
 3
 Plaintiff nevertheless argues she was entitled to a jury trial under California's Fair Employment and Housing Act, Cal.Gov't Code Sec. 12965. Plaintiff's FEHA claim against the Regents, however, was among the claims dismissed with prejudice prior to trial.[1] Plaintiff doesn't appeal its dismissal. Instead, she points to the fact that the Regents didn't object when the district court advised the parties it would instruct the jury that plaintiff sought to recover under FEHA as well as Title VII or when the district court actually gave the instruction. Plaintiff argues the Regents have therefore waived any objection they might otherwise have had to the district court's purported submission of a FEHA claim to a jury.
 
 
 4
 Regardless of any action taken or not taken by the Regents, however, the district court had no authority to submit to a jury claims that had been finally adjudicated prior to trial. Plaintiff offers no authority for the proposition that a claim dismissed with prejudice may somehow be resuscitated by its submission to a jury. The closest authority we have found is Fed.R.Civ.P. 15(b), but it doesn't help plaintiff. It provides that "[w]hen issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." (emphasis added). Here, plaintiff's FEHA claim against the Regents had not only been raised by the pleadings, it had been dismissed with prejudice prior to trial. Plaintiff thus wasn't entitled to a jury trial by virtue of the district court's purported submission of a FEHA claim to the jury.
 
 
 5
 We therefore VACATE the district court's three post-trial judgments to the extent they were premised on the jury's verdicts.[2] The first post-trial judgment, CR 252, is vacated in its entirety, because it simply memorializes the jury's verdicts. The second (amended) post-trial judgment, CR 297, is vacated to the extent it memorializes the jury's verdicts; it remains in force, however, to the extent it "shows defendants Akerson, Cantu, and Camp were prevailing parties in the specific aspects of their dispute," subject to the qualifications there set out, id. at 1-2. The third post-trial judgment and accompanying order, CR 321 (order); CR 322 (judgment), are vacated in their entirety, because they memorialize plaintiff's fees and costs award, which was premised on the jury's verdicts.
 
 
 6
 On remand, failing a settlement, the district court shall independently make findings of fact and conclusions of law on plaintiff's Title VII claim against the Regents; these findings and conclusions shall describe the basis for its determinations as to liability and, if necessary, remedy. The district court may rule solely on the record developed at the previous trial, take further evidence and rule on the supplemented record, or conduct a new trial.
 
 
 7
 * * *
 
 
 8
 We need not reach the other issues presented. The district court may wish to reconsider its resolution of them in light of cases such as Landgraf, decided after the Regents noticed this appeal.
 
 
 9
 VACATED IN PART AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Contrary to plaintiff's suggestion, Answering and Opening Brief for Appellee/Cross-Appellant, at 17, she did not allege a FEHA claim against the Regents in her third (and final) amended complaint, CR 33
 
 
 [2]
 The jury found for plaintiff on one of her Title VII theories (denial of reclassification) and against her on two others (denial of promotion to supervisory clinical social worker, and denial of application to be department chief). Plaintiff didn't appeal the jury's verdicts to the extent they were unfavorable to her. We nevertheless vacate the three post-trial judgments to the full extent they were premised on the jury's verdicts, because no jury was ever properly empaneled here